JOSHUA E. KIRSCH (179110)
GIBSON ROBB & LINDH LLP
1255 Powell Street
Emeryville, California 94608
Telephone:   (415) 348-6000
Facsimile:   (415) 348-6001
Email:        jkirsch@gibsonrobb.com

Attorneys for Plaintiff
AFFILIATED FM INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFFILIATED FM INSURANCE COMPANY, a corporation;<br><br>        Plaintiff,<br><br>    v.<br><br>AGILITY LOGISITICS CORP., a corporation; ECT TRANSPORT, LTD., a corporation doing business as "Seaquest Line"; DA GOODQUEST, INC., a corporation; BM2 FREIGHT SERVICES, INC., a corporation; and DOES 1 to 10;<br><br>        Defendants. | Case No. 2:21-cv-07122<br><br>**COMPLAINT FOR NON-DELIVERY OF CARGO; DEMAND FOR JURY TRIAL**<br><br>(Damages in the sum of $392,132.78) |

Plaintiff's complaint follows:

### GENERAL ALLEGATIONS

1.     Plaintiff AFFILIATED FM INSURANCE COMPANY ("FM" or

"Plaintiff"), is now, and at all times herein material was, a corporation duly

organized and existing by virtue of law. FM is headquartered in the State of Rhode

Island and has its principal place of business in the State of Rhode Island.  FM was

at all relevant times herein the insurer of damaged cargo consisting of 2,033 cartons of printers (the "Cargo").

2.      Defendant AGILITY LOGISTICS CORP. ("AGILITY") is a corporation organized and existing under the laws of the State of Delaware, with its headquarters and principal place of business in California.

3.      Defendant ECT TRANSPORT, LTD. doing business as Seaquest Line ("SEAQUEST") is a corporation organized and existing under the laws of Hong Kong, China. On information and belief, SEAQUEST maintains its headquarters and principal place of business in Hong Kong.

4.      Defendant DA GOODQUEST, INC. ("GOODQUEST") is a corporation organized and existing under the laws of the State of California, with its headquarters and principal place of business in California.

5.      Defendant BM2 FREIGHT SERVICES, INC. ("BM2") is a corporation organized and existing under the laws of the State of Kentucky, with its headquarters and principal place of business in Kentucky.

6.      The true names of Defendants sued herein as DOES ONE through TEN, each of whom is responsible for the events and matters herein referred to, and each of whom caused or contributed to the damage herein complained of, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend its complaint to show the true names of said Defendants when the same have been ascertained.

7.      The claims alleged herein contain a cause of action for damage to cargo and are claims under the Carmack Amendment, 49 U.S.C. § 14706.  Accordingly, this Court has jurisdiction over these claims pursuant to 28 U.S.C. §1331.  Venue is proper under 28 U.S.C. §1391(b).  In addition, there is complete diversity among the parties, and the amount in controversy exceeds the jurisdictional minimum. Jurisdiction is therefore also proper under U.S.C. section 1332.  Venue is also proper pursuant to 28 U.S.C. section 1391(b)(2).  Furthermore, Plaintiff's complaint

contains a cause of action for damage to cargo arising under a statute of the United States, namely the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 note, *et seq.* (2006) ("COGSA"), and is therefore within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as more fully appears herein.

8.     On or about August 9, 2020, the Cargo was shipped from Ho Chi Minh City, Vietnam to Los Angeles, California and was to have been carried on to Fort Worth, Texas, pursuant to Seaquest Bill of Lading No.: SGN5217600/001, BM2 Load Number 332869, Agility Delivery Instruction no. DF213596H9, Ocean Network Express Sea Waybill no. ONEYSGNAF5382400, Agility Sales Invoice no. 0034539916, the "Contract for Logistics Services" dated August 10, 2010 between AGILITY and Zebra Technologies Corporation (FM's insured and subrogor), and others.  Defendants, and each of them, acted as common carriers of goods for hire, warehousemen, and bailees for hire.

9.     On information and belief, after the Cargo's arrival in Los Angeles on or about August 29, 2020, AGILITY subcontracted the Cargo's transportation from the Los Angeles to Fort Worth to BM2.  BM2, in turn, subcontracted the carriage of the Cargo to GOODQUEST.

10.     Thereafter, in breach of and in violation of their agreements and contracts of carriage, defendants, and each of them, failed to deliver 2,033 cartons of printers at Forth Worth.  To the contrary, defendants delivered only 992 cartons, and failed to deliver the remaining 1,041 cartons of printers, which have never been found and are lost.

11.     As a result of the non-delivery of the Cargo, Plaintiff's subrogor suffered $417,132.78 in damages, which is the value of the non-delivered cargo.

12.     Prior to the shipment of the herein described cargo and prior to any loss thereto, FM issued its policy of insurance whereby FM agreed to indemnify the Cargo owner, and its assigns, against loss of or damage to the Cargo while in transit, including mitigation expenses, and Plaintiff has therefore become obligated to pay,

and has paid, to the person entitled to payment under said policy the sum of $392,132.78, which is value of the non-delivered cargo as adjusted under the policy after application of the $25,000 policy deductible, on account of the herein described loss.

## FIRST CAUSE OF ACTION

### (Carmack Amendment Liability against Defendants AGILITY, GOODQUEST, BM2 and DOES ONE through TEN)

13.     Plaintiff realleges and incorporates herein with like force and effect as though set forth fully each and every allegation of all paragraphs set forth above.

14.     Plaintiff is informed and believes, and on the basis of such information and belief alleges that on or about September 3, 2020, in Los Angeles, California, defendants AGILITY, BM2, GOODQUEST, and DOES ONE through TEN, and each of them, received the Cargo in good order, quantity, and condition. Said defendants agreed, as common carriers governed by the Carmack Amendment to the Interstate Commerce Act, to safely care for and store the Cargo, and deliver the Cargo, in good order, quantity, and condition to the persons lawfully entitled to receive the Cargo.

15.     In breach of said agreements, defendants, and each of them, failed to safely care for and store the Cargo, and deliver the Cargo, in the same good order, quantity, and condition as when received. As a direct result of defendants' breach, Plaintiff suffered foreseeable damages in the sum of $392,132.78, no part of which has been paid, despite demand therefor.  Said defendants are therefore liable under the Carmack Amendment.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Bailment against all defendants)

16.     Plaintiff realleges and incorporates herein with like force and effect as though set forth fully each and every allegation of all paragraphs set forth above.

17.    Plaintiff is informed and believes and on the basis of such information and belief alleges that on or about August 9 and/or September 3, 2020, defendants, and each of them, received the Cargo as bailees for hire.

18.    Defendants failed to re-deliver the Cargo and are thus liable as bailees.

19.    As a direct result of defendants' breach of their bailment duties, Plaintiff suffered foreseeable damages in the sum of $392,132.78, no part of which has been paid, despite demand therefor.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Breach of Contract against Defendants AGILITY and DOES ONE through TEN)

20.    Plaintiff realleges and incorporates herein with like force and effect as though set forth fully each and every allegation of all paragraphs set forth above.

21.    Plaintiff is informed and believes and on the basis of such information and belief alleges that, prior to August 9, 2020, defendants AGILITY, and DOES ONE through TEN, and each of them, in return for good and valuable consideration, arranged for carriage of the Cargo from Vietnam to Forth Worth, Texas under the contracts and agreements identified in paragraph 8 above.

22.    In breach of and in violation of said agreements, AGILITY and DOES ONE through TEN, and each of them, failed to properly care for the Cargo, and failed to make proper arrangements for delivery of the Cargo, as a result of which the Cargo was lost.

23.    As a direct result of defendants' breaches, Plaintiff suffered foreseeable damages in the sum of $392,132.78, no part of which has been paid, despite demand therefor.

/ / /

/ / /

/ / /

## <u>FOURTH CAUSE OF ACTION</u>

**(Breach of Contract against Defendants SEAQUEST and DOES ONE through TEN)**

24.      Plaintiff realleges and incorporates herein with like force and effect as though set forth fully each and every allegation of all paragraphs set forth above.

25.      Defendants, under contracts of carriage, namely bill of lading no. SGN5217600/001 and others, and in return for good and valuable consideration, agreed to carry the Cargo from Ho Chi Minh City, Vietnam, to Los Angeles, California, and there deliver the Cargo to the lawful owner of the Cargo in the same good order, condition, and quantity as when received.

26.      Thereafter, in breach of and in violation of said agreements, Defendants did not deliver the Cargo in the same good order, condition, and quantity as when received.  To the contrary, Defendants failed to deliver a substantial portion of the Cargo.  Plaintiff suffered $392,132.78 in damages as a result of the non-delivery.

27.      Plaintiff has therefore been damaged in the sum of $392,132.78, or another amount according to proof at trial, no part of which has been paid, despite demand therefor.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1    WHEREFORE, Plaintiff prays that this Court enter judgment in its favor and
2  against the defendants; that this Court decree payment by the defendants to Plaintiff
3  FM in the amount of $392,132.78 together with prejudgment interest thereon and
4  costs of suit herein; and that Plaintiff have such other and further relief as in law and
5  justice it may be entitled to receive.
6    WHEREFORE, Plaintiff prays for relief as hereinafter set forth.
7    Plaintiff demands trial by Jury.
8
9                                    Respectfully submitted,
10  Dated: September 3, 2021          GIBSON ROBB & LINDH LLP
11
12                                    /s/JOSHUA E. KIRSCH
13                                    Joshua E. Kirsch
                                      jkirsch@gibsonrobb.com
14                                    Attorneys for Plaintiff
                                      AFFILIATED FM INSURANCE
15                                    COMPANY
16
17
18
19
20
21
22
23
24
25
26
27
28